IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JOHN ROSS MCKINNEY                                                                                        PLAINTIFF

v.                                          Case No. 6:15-cv-06072

ROBBIE PLYLER, *et al.*                                                                                DEFENDANTS

## ORDER

On July 13, 2015, Plaintiff, John Ross McKinney, submitted this *pro se* action for filing in the Eastern District of Arkansas. ECF No. 2. The case was properly transferred to this District on July 16, 2015. ECF No. 3. Currently before the Court are Plaintiff's failure to follow a court order and failure to prosecute.

Plaintiff filed his complaint on July 13, 2015. ECF No. 2. On September 25, 2015, Plaintiff was directed to file a completed *in forma pauperis* ("IFP") application by October 9, 2015. ECF No. 5. The Order was not returned as undeliverable. Plaintiff did not respond.

On January 29, 2016, the Court entered a Show Cause Order directing Plaintiff to show cause why his case should not be dismissed for failure to follow the rules of the Court. Plaintiff was directed to respond by February 12, 2016. ECF No. 6. The Order was not returned as undeliverable. Plaintiff did not respond to the Show Cause Order. Plaintiff has not communicated with the Court since he filed his complaint on July 13, 2015.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *See Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor

>the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice**.** Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the Court. *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)).

Plaintiff has failed to comply with the Court's Order to Show Cause. Plaintiff has also failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be and hereby is **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and orders and failure to prosecute this case. *See* Local Rule 5.5(c)(2); Fed. R. Civ. P. 41(b).

IT IS SO ORDERED this 1st day of March, 2016.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge